## Laucks, Appellant, v. Michael.

*Judgment—Lien—Renewal of notes.*

A judgment, given as collateral security for the payment of promissory notes, does not lose its priority of lien by the renewal of the notes as they fall due.

Argued March 16, 1893. Appeal, No. 263, Jan. T., 1893, by plaintiff, William B. Laucks, from order of C. P. Berks Co., June T., 1892, No. 19, dismissing exceptions to report of auditor. Before Green, Williams, Mitchell, Dean and Thompson, JJ.

Distribution of proceeds of sheriff's sale.

The auditor, Samuel L. Young, Esq., found that the fund in

dispute here was realized from real estate sold by the sheriff as the property of Webster S. Michael. Judgments of Haak and Laucks were entered while the title to this real estate was in Michael, Haak's being first entered. Afterwards, on Dec. 30, 1891, Michael conveyed the premises to Laucks and on May 19, 1892, Laucks reconveyed the same to Michael and immediately proceeded to sell the property by execution on his judgment. During the time that the title was in Laucks and also after it had passed from him, the accommodation note, for the payment of which the Haak judgment had been given, was renewed several times. It was claimed on the part of Laucks that under these facts Haak not only lost his priority, but that his debt was paid.

The auditor gave priority to Haak's judgment. Appellant filed exceptions which were dismissed by the court in the following opinion by ERMENTROUT, P. J.:

" It is clear that anyone, seeking any part of the fund realized upon sheriff's sale, must do so upon the theory that he is a lien creditor of Webster S. Michael, and upon the further theory that the real estate sold was property in which he had an interest, when their respective liens were on file. For the purpose of determining the merits of the exceptions, there appears in the findings of the auditor two liens of record, viz.: (1) A judgment, George E. Haak v. Webster S. Michael, for $1,000, entered December 9, 1891. (2) A judgment, William B. Laucks v. Webster S. Michael for $3,600, entered December 16, 1891. It is undisputed that, at the period of entry of both these judgments, the defendant, Webster S. Michael, owned the real estate sold. They were therefore both liens, and priority of entry gives priority in distribution of proceeds of sale unless a good valid legal reason be given to the contrary.

" It is alleged the first lien is paid. It appears the judgment was given to secure the payment of an accommodation note drawn by Michael and indorsed by Haak. The note was not paid at maturity, but was renewed a number of times, and the last renewal remains still unpaid by Michael. Under these facts, because the judgment is absolute on its face, makes no mention of a promissory note, counsel for Laucks contends that the lien of the judgment was lost, after it became due, by the renewal of the note, as to the junior incumbrance of Laucks.

The auditor decided against this contention, and rightly, and the case could well be rested upon his very full and able report.

" In Gault v. McGrath, 32 Pa. 392, the mortgage in question was absolute upon its face, but it was shown that it was given as collateral security, to secure the payment of notes loaned by the mortgagee to the mortgagor for his accommodation, and the renewals of the said notes from time to time until they should all be paid.

" In the case of Shrewsbury Savings Institution's Appeal, 94 Pa. 309, the precise question arose. I. gave a judgment bond to a savings association. The condition of the bond stated, the bond was given ' as collateral security for sundry notes given or drawn by I. or indorsed by him or his firm and held by the institution.' The notes were renewed from time to time, but there was no agreement that the bond should stand for the renewals. The subsequent judgment creditors contended that the lifting of the old notes by the renewals was a novation and satisfied the condition of the bond. But the court held that if the judgment is collateral to the notes it is also collateral to the debt, for the reason that the notes are but the evidence of the debt, with a promise to pay it. As between the parties to a note it has never been held that a renewal was payment, unless so accepted and intended, and that the subsequent judgment creditor stands on the foot of his debtor.

" It may be a hardship in many cases for the execution creditor to lose his money, but the lien dockets are open to the inspection of the lender, and the judgment of Haak appeared thereon in full.

" This question settled against the exceptant, there is nothing further to discuss. No act of the defendant or execution creditor was of any avail to impair the security of the prior lien creditor. Exceptions dismissed. Report confirmed."

*Errors assigned* were dismissal of exceptions, quoting them.

*E. B. Wiegand*, for appellant, cited, as to merger of lien : Koons v. Hartman, 7 Watts, 20 ; as to renewal notes : Ter-Hoven v. Kerns, 2 Pa. 96 ; Bank of Montgomery Co.'s Ap., 36 Pa. 170 ; Kerr's Ap., 92 Pa. 236 ; Shrewsbury Savings Inst., 94 Pa. 312 ; Appeal of the First National Bank of Mt. Pleasant, 82 Pa. 490.

*Horace A. Yundt, Samuel N. Potteiger* with him, for appel-
lee, cited, Shrewsbury Savings Institution's Ap., 94 Pa. 309.

PER CURIAM, April 10, 1893 :

As the auditor and court below awarded to the appellant the
whole of the fund left after paying the judgment of Haak, the
only question remaining for practical consideration was, whether
Haak's judgment was to be considered as paid because of the
renewal of the note, against liability on which the judgment
was given as security.   On that question we agree entirely
with the learned court below, and affirm the final decree for the
reasons stated in the opinion.

Decree affirmed.